UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cv-0749-WTL-DML |
| | ) | |
| AIRSPLAT, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION TO TRANSFER VENUE**

The Plaintiffs in this case are a Virginia corporation with its principal place of business in Columbus, Georgia, a Georgia corporation with its principal place of business in Smyrna, Georgia, and a German corporation with its principal place of business in Arnsberg, Germany. The Defendant is a California resident with his principal place of business in Arcadia, California. The Plaintiffs allege that the Defendant has advertised, distributed and/or sold airsoft guns made to replicate firearms made by the Plaintiffs and has used the Plaintiffs' trademarks and trade dress in its products, advertisements, and packaging. The Plaintiffs' complaint asserts the following claims: common law and statutory trademark infringement; trademark dilution; false designation of origin or sponsorship, false advertising and trade dress infringement; unfair competition; conversion; forgery; counterfeiting; and deception. Pending before the Court is the Defendant's motion to transfer this case to the United States District Court for the Central District of California, Western Division ("Central California"), pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought."

There is no dispute that this case could have been brought in Central California. The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be best served. The Plaintiffs put great stock in the fact that the general rule is that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and other cases). "Rarely, however, is not never." *In re National Presto*, 347 F.3d at 664. For the reasons set forth below, the Court determines that the balance of the relevant factors weighs decidedly in favor of transferring this case to Central California.

In this case, Central California clearly and unequivocally is more convenient for the Defendant; he is the owner of a relatively small business who lives and works within that district and has no regular contact with this one. All of his business records and employees are located in California.[1] While the Plaintiffs argue that this district is more convenient for them, it is a convenience of their own making, based not upon their presence here, but rather on the fact that their investigator and attorney are located here. Similarly, while the Defendant has identified several of his anticipated witnesses for whom Central California is imminently more convenient than this district, the Plaintiffs counter primarily with the fact that their investigation leading up to the filing of this case took place in Indiana. Again, however, that was the Plaintiffs' choice,

---

[1] The Plaintiffs assert that the Defendant operates mainly over the internet and that only 20% of its gross sales are within California. The Court fails to see the relevance of the fact that the Defendant ships most of the products it sells to buyers outside of California; what is relevant to the convenience analysis is that the Defendant himself–and his business records, employees, etc.–are located within California.

and therefore it is not entitled to nearly as much weight as it would be if Indiana were inherently more convenient for at least one of the Plaintiffs than California is. The Plaintiffs also point to the fact that some of their evidence will come from Virginia and Georgia, both of which are closer to Indiana than to California. That may be true, but Indianapolis is not quickly or easily reached from either Virginia or Georgia, so the clear convenience that would be gained by the Defendant clearly outweighs the small amount of increased travel time that might be necessitated if one of the Plaintiffs (and its evidence) had to travel to the Los Angeles area instead of to Indianapolis.[2]

The final factor to be considered is the "interest of justice." Relevant to this factor is a comparison of the dockets in this district and Central California. *See In re National Presto*, 347 F.3d at 664. The Plaintiffs point to numerous statistics regarding the busy docket of Central California, as well as a 2008 press release from California Senator Dianne Feinstein which notes that Central California "is America's fifteenth-busiest" federal district court which "has not had a new permanent judgeship in 18 years."[3] What the Plaintiffs neglect to acknowledge is that while available statistics show that Central California is, indeed, incredibly busy, those same statistics demonstrate that this district is–and has been for some time–even more so. For the twelve-month period ending September 30, 2008, this court ranked 6th in the nation for the number of weighted filings per authorized judgeship (16th for unweighted); Central California

---

[2]Indeed, the Court notes that in reality there might not be any increased travel time at all, given the fact that direct flights into Los Angeles are generally much easier to come by than direct flights into Indianapolis.

[3]For what it's worth, this district has not had a new permanent judgeship added in over 30 years.

ranked 12th (24th for unweighted).  *See*

http://www.uscourts.gov/judbus2008/appendices/X1ASep08.pdf.  These numbers do not take into account the fact that as of this date 40% (two out of five) of the authorized judgeships on this court are vacant, which only 14.3% (four out of 28) of the authorized judgeships are vacant in Central California.[4]  Indeed, this district is under a declared "Judicial Emergency" due to its heavy caseload, while Central California is not.  *See* http://www.uscourts.gov/judicialvac.cfm.

To paraphrase the Plaintiffs' Response Brief:  "These statistics lead to only one conclusion–that litigation of the action in [this district] will only further burden [this district's] resources and delay the process significantly, thereby creating more expense for the parties.  Because the interest of justice is served when litigants are more likely to receive a speedy trial, this Court should [relinquish] jurisdiction."  Plaintiffs' Response at 13-14.  This is especially true in light of the fact that this case has virtually no intrinsic relationship with the Southern District of Indiana, but is closely related to Central California, inasmuch as the only Defendant is located there.  Further, as already discussed, the gain in convenience to the Defendant and his witnesses if the case is transferred is far greater than the lost of convenience to the Plaintiffs and their witnesses.  Accordingly, the Defendant's motion to transfer is **GRANTED**.

SO ORDERED:   12/11/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[4] The Court notes that this district is fortunate to have the continued service of Senior Judge McKinney; according to its website, Central California appears to be even more fortunate, as it has nine senior judges still serving on the bench.

4

Copies to all counsel of record via electronic notification