

V X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd,
La Jolla, California 92037
Telephone:  858-454-4313
Facsimile:   858-454-4314
Email:  jon@x-patents.com

Brian J. McGinnis (Admitted Pro Hac Vice)
Darlene R. Seymour (Admitted Pro Hac Vice)
1292 E. 91st Street
Indianapolis, IN 46240
Telephone: 317-818-0523
Email: bmcginnis@ce-ip.com
Email: dseymour@ce-ip.com

Attorneys for Plaintiffs/Counterclaim-defendants
Heckler & Koch, Inc. and Carl Walther Sportwaffen GMBH

**FILED**
CLERK, U.S. DISTRICT COURT

**MAY 1 7 2010**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECKLER & KOCH, INC. and CARL WALTHER SPORTWAFFEN GMBH<br><br>Plaintiffs/Counterclaim-defendants,<br><br>v.<br><br>DA WUSTER, INC. d/b/a AIRSPLAT,<br><br>Defendant/Counterclaimant.<br><br>And Related Counterclaims. | Case No. 2:09-cv-09123- CAS VBK<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT** |

For this Second Amended Complaint against Defendant, Da Wuster, Inc. d/b/a

Airsplat, referred to hereafter as ("Defendant"), Plaintiffs, Heckler & Koch, Inc.

("HK") and Carl Walther Sportwaffen GmbH ("Walther) (hereinafter collectively

referred to as "Plaintiffs") hereby allege as follows:

## A.
## SUBSTANCE OF THE ACTION

1. Plaintiffs' Amended Complaint arises from the unauthorized advertisement, distribution and/or sale of airsoft guns by Defendant made to replicate HK's famous MP5®, USP®, G36®, MP7®, UMP and MK23 firearms.   The advertisements, packaging and/or merchandise used by Defendant in connection with the sale of these airsoft guns contain the trademarks and trade dress of HK and Walther ("the Plaintiffs' IP").

2. Defendant's unauthorized use of the Plaintiffs' IP on the infringing advertisements, packaging and merchandise violates Plaintiffs' rights as owners of the IP.  Plaintiffs assert claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and theft.  Plaintiffs' seek a permanent injunction preventing Defendant from using the distinctive Plaintiffs' IP, along with an award of damages, treble damages, profits, attorney's fees and costs.

## B.
## THE PARTIES

3. HK is a corporation organized and existing under the laws of Virginia.

4. Walther is a foreign corporation organized and existing under the laws of Germany.

5. Defendant, Da Wuster, Inc. d/b/a Airsplat, is a California business with its office at 11688 Clark Street #A, Arcadia, CA 91006.

## C.
## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Counts I through III of this Amended Complaint pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has original jurisdiction over Count V of this Amended Complaint pursuant to 28 U.S.C. §1338(b).

8. This Court has supplemental jurisdiction over Count IV and Counts VI through X of this Amended Complaint pursuant to 28 U.S.C. §1367(a).

9. Defendant has submitted to this Court's jurisdiction by requesting transfer to this jurisdiction

10. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in the state of California.

## D.
## GENERAL ALLEGATIONS

### 1.   **The HK Marks**

11. HK is a leading firearms manufacturer and distributor in the United States.  HK is especially prominent in providing weaponry to military and law enforcement

throughout the country. HK is known for weapons such as its MP5®, G36®, MP7® and UMP firearms.  However, HK also retails a line of civilian firearms, which includes the USP® and MK23 handguns.

12. Related to this business, HK owns a wide variety of intellectual property rights ("the HK marks").  Included within the HK marks are federal and state registered trademarks, trade dress, copyrights and patents for HK's well-known weapon designation marks and weapon designs.   MP5®, USP®, G36®, MP7®, UMP and MK23

13. Relevant to this Amended Complaint, HK is the registrant for federal registration number 1594109 for its MP5® mark, 3595107, 1832127, and 1833281 for its USP® mark, 3028713 for its G36® mark, and 3274715 for its MP7® mark.  These registrations are active and unrevoked, and constitute *prima facie* evidence of HK's ownership of the marks.

14. Also relevant to this Amended Complaint, HK is the registrant for several design only trademarks for the distinctive trade dress design shapes of its firearms. HK holds Indiana state registration numbers 20081120-13168 and 20081120-13169 for its MP5 firearm trade dress, registration numbers 20081120-13172 and 20081120-13173 for its G36 firearm trade dress, registration numbers 20081120-13170 and 20081120-13171 for its MP7 firearm trade dress and registration numbers 20081120-13178 and 20081120-13179 for

its USP firearm trade dress.  These registrations are active and unrevoked, and constitute *prima facie* evidence of HK's ownership of the marks.

15. HK also owns common law trademark rights in the distinct shapes and features of its gun products, including but not limited to the MP5, USP, G36, MP7, UMP and MK23.  These common law rights are included in the HK marks.

16. HK expends significant effort to maintain strict control over the quality and nature of their products and items bearing the HK marks and to protect the HK marks from unauthorized and infringing use by others.

17. HK has invested considerable time and money in establishing the HK marks throughout Indiana and the United States.  As a result of these efforts, the HK marks are immediately recognizable.

18. HK has acquired substantial goodwill among consumers.

19. As a result of such goodwill and immediate recognition, items bearing the HK marks have become highly valuable.

## 2.   **The Walther Marks**

20. Walther Sportwaffen GmbH is a leader in firearms sales in the United States and around the world.  Relative to this business, Walther is the exclusive owner of many valuable designs, trademarks, trade dress and copyrights derived from the Walther® brand of firearms (collectively referred to herein as "the Walther marks").

21. More specifically, Walther is the exclusive owner of federal trademark registration numbers 2873724 and 2148616 for its P99® trademark. These registrations are active and unrevoked, and constitute *prima facie* evidence of Walther's ownership of the marks.

22. Walther is also the exclusive owner of several design only trademarks for the distinctive trade dress design shapes of its firearms. Walther holds Indiana state registration numbers 20090105-13308, 20090105-13309, 20090105-13310 and 20090105-13311 for its P99 firearm trade dress. These registrations are active and unrevoked, and constitute *prima facie* evidence of Walther's ownership of the marks.

23. Walther also owns common law trademark and trade dress rights in the distinct shape of the P99. These rights are included in the Walther marks.

24. The Walther marks are distinctive and famous.

25. Walther is engaged in the sale, advertising, and/or licensing of merchandise bearing the Walther marks in Indiana and elsewhere.

26. Walther expends significant effort to maintain strict control over the quality and nature of their products and items bearing the Walther marks and to protect the Walther marks from unauthorized and infringing use by others.

27. Walther has invested considerable time and money in advertising the Walther marks throughout Indiana and the United States. As a result of this extensive

advertising, the Walther marks are immediately recognizable.

28. Walther has acquired substantial goodwill among consumers.

29. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, items bearing the Walther marks have become highly valuable.

### 3.   Defendant's Infringement of Plaintiffs' Rights

30. Subsequent to Plaintiffs' development, use and registration of the HK and Walther marks ("the Plaintiffs' IP"), Defendant began using the Plaintiffs' marks or confusingly similar variations of the marks.

31. Defendant has manufactured, produced, advertised and/or sold airsoft guns bearing the Plaintiffs' IP.  A sample listing of the airsoft guns manufactured, distributed, advertised and/or sold by Defendant is attached to the Amended Complaint as Exhibit A.

32. Defendant has not received permission from Plaintiffs or anyone acting on Plaintiffs' behalf, to manufacture, produce, advertise or sell any item bearing the Plaintiffs' IP.

33. By manufacturing, producing, advertising and/or selling items bearing the Plaintiffs' IP without permission, Defendant has attempted to profit from and capitalize on the intellectual property rights and substantial goodwill developed by Plaintiffs.

34. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the Plaintiffs' IP with knowledge of Plaintiffs' ownership of the Plaintiffs' IP.

35. Defendant manufactured, produced, advertised and/or sold items bearing the Plaintiffs' IP with knowledge that Defendant's use of the Plaintiffs' IP was unauthorized.

36. The manufacture, production, advertisement, and/or sale of items bearing the Plaintiffs' IP created a likelihood of consumer confusion.

37. Defendant used the Plaintiffs' IP with the intent to confuse and/or deceive consumers.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

38. Plaintiffs incorporate herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

39. Defendant has used in commerce, and in connection with the sale of goods, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs' IP.

40. Defendant has reproduced, counterfeited, copied or imitated the Plaintiffs' IP and applied the Plaintiffs' IP to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

41. Defendant's use of the Plaintiffs' IP creates the likelihood of confusion, mistake and/or deception among consumers.

42. Defendant willfully infringed upon the Plaintiffs' IP.  Defendant intended to confuse, mistake or deceive consumers.

43. Defendant used the reproductions of the Plaintiffs' IP with knowledge that the marks were copies and/or counterfeits.

44. Consumers were initially interested in and lured to the infringing items by Defendant's use of the Plaintiffs' IP.

45. As a result of Defendant's infringement, Plaintiffs have suffered irreparable harm.  Unless Defendant is permanently enjoined from further infringement, Plaintiffs will continue to suffer irreparable harm.

46. A permanent injunction is necessary to prevent Defendant from further interference with the Plaintiffs' IP.

47. As a result of Defendant's infringement under 15 U.S.C. § 1114, Plaintiffs have been injured and are entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT II
### <u>TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)</u>

48. Plaintiffs incorporate by reference the allegations contained in all previous paragraphs of this Amended Complaint.

49. The Plaintiffs' IP is the product of creativity and imagination.

50. The Plaintiffs' IP is distinctive and famous.

51. Defendant adopted the Plaintiffs' IP after the marks became famous.

52. Defendant's use of the Plaintiffs' IP caused dilution of the marks.

53. Defendant's use of the Plaintiffs' IP is commercial and in commerce.

54. Defendant's use of the Plaintiffs' IP has weakened the unique association of the Plaintiffs' IP with HK and Walther.

55. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), Plaintiffs have suffered irreparable harm.  Unless Defendant is permanently enjoined from further dilution, Plaintiffs will continue to suffer irreparable harm.

56. A permanent injunction is necessary to prevent Defendant from further interference with the Plaintiffs' IP.

57. Defendant's dilution of the Plaintiffs' IP has caused Plaintiffs damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT III
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

58. Plaintiffs incorporate by reference the allegations contained in all previous paragraphs of this Amended Complaint.

59. Defendant used the Plaintiffs' IP in commerce and in connection with the sale

of goods or services.

60. Defendant's use of the Plaintiffs' IP is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiffs; or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiffs, or anyone acting on behalf of Plaintiffs.

61. Defendant's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

62. As a result of Defendant's conduct, Plaintiffs have suffered irreparable harm. Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, Plaintiffs will continue to suffer irreparable harm.

63. A permanent injunction is necessary to prevent Defendant from further interference with the Plaintiffs' IP.

64. Defendant's violation of 15 U.S.C. §1125(a) has caused Plaintiffs to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, corrective advertising damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT IV
## <u>COMMON LAW TRADEMARK INFRINGEMENT</u>

65. Plaintiffs incorporate by reference the allegations contained in all previous paragraphs of this Amended Complaint.

66. The Plaintiffs' IP is immediately recognizable and famous throughout the world.

67. Plaintiffs have acquired a reputation among consumers for quality and excellence, and the Plaintiffs' IP has come to symbolize that reputation.

68. Defendant, with knowledge of and with intentional disregard for the rights of Plaintiffs, manufactured, produced, advertised and/or sold items using the Plaintiffs' IP or confusingly similar imitations thereof.

69. Defendant's use of the Plaintiffs' IP has created the likelihood of confusion among consumers.

70. Defendant's acts constitute trademark infringement and willful infringement under the common law.

71. As a result of Defendant's conduct, Plaintiffs have suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, Plaintiffs will continue to suffer irreparable harm.

72. A permanent injunction is necessary to prevent Defendant from further interference with the Plaintiffs' IP.

73. As a result of Defendant's infringement, Plaintiffs have suffered damages,

including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT V
## UNFAIR COMPETITION

74. Plaintiffs incorporate by reference the allegations contained in all previous paragraphs of this Amended Complaint.

75. Defendant's unlawful and unauthorized use of the Plaintiffs' IP constitutes unfair competition with Plaintiffs.

76. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

77. Defendant's use of the Plaintiffs' IP is an attempt to interfere with Plaintiffs' business relationship with its consumers and to trade on Plaintiffs' goodwill.

78. As a result of Defendant's conduct, Plaintiffs have suffered irreparable harm. Unless Defendant is permanently enjoined from further unfair competition, Plaintiffs will continue to suffer irreparable harm.

79. A permanent injunction is necessary to prevent Defendant from further interference with the Plaintiffs' IP.

80. Defendant's unfair competition has caused Plaintiffs to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## CONVERSION UNDER IND. CODE § 35-43-4-3

81. Plaintiffs incorporate by reference the allegations contained in all previous paragraphs of this Amended Complaint.

82. Defendant knowingly or intentionally exerted unauthorized control over the Plaintiffs' IP by making unauthorized use of the Plaintiffs' IP in the advertisement and sale of certain products.

83. Defendant knowingly or intentionally exerted unauthorized control over Plaintiffs' intangible property, namely the Plaintiffs' IP and Plaintiffs' goodwill associated with the Plaintiffs' IP.

84. Plaintiffs' goodwill is valuable property.

85. Plaintiffs' IP, including all federal and state registered trademarks and common law trademarks for Plaintiffs' firearm designations, trade names and logos, be it tangible or intangible, is valuable property.

86. Plaintiffs' IP, including all federal and state registered trade dress and common law trade dress for the distinctive design shapes Plaintiffs' firearms, be it tangible or intangible, is valuable property.

87. As the owner of the Plaintiffs' IP and Plaintiffs' goodwill, Plaintiffs alone have the right to control and authorize the use of the Plaintiffs' IP and Plaintiffs' goodwill.

88. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or

transferred all or a valuable part of Plaintiffs' property through the advertisement and sale of products that make unauthorized use of Plaintiffs' IP.

89. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Plaintiffs' property for Defendant's own use and benefit and in exclusion and defiance of Plaintiffs' rights in Plaintiffs' property interests.

90. Defendant sold items bearing the Plaintiffs' IP without Plaintiffs' consent and in a manner or to an extent other than that to which Plaintiffs had consented.

91. Defendant misappropriated the Plaintiffs' IP and Plaintiffs' goodwill for their own use and benefit and interfered with Plaintiffs' control over the Plaintiffs' IP and Plaintiffs' goodwill.

92. As a result of Defendant's conversion, Plaintiffs were damaged and seek an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VII
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

93. Plaintiffs incorporate by reference the allegations contained in the previous paragraphs of this Amended Complaint.

94. All advertisements and/or packaging associated with Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or

15

identification are written instruments under Ind. Code § 35-43-5-1(s).

95. Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

96. Defendant, with intent to defraud, made, uttered, and/or possessed a written instrument, namely the Defendant's airsoft guns, advertisements and/or associated packaging in such a manner that it purports to have been made by Plaintiffs.

97. Defendant was not given the authority to make or possess the infringing items by Plaintiffs or anyone acting on behalf of Plaintiffs.

98. As a result of Defendant's forgery, Plaintiffs were damaged and seek an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VIII
## COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

99. Plaintiffs incorporate herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

100.    All advertisements and/or packaging associated with Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of

value or identification are written instruments under Ind. Code § 35-43-5-1(s).

101.     Defendant's airsoft gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

102.     Defendant made, uttered, and/or possessed a written instrument, namely the Defendant's airsoft guns, advertisements and/or associated packaging in such a manner that it purports to have been made by Plaintiffs.

103.     Defendant was not given the authority to make or possess the infringing items by Plaintiffs or anyone acting on behalf of Plaintiffs.

104.     As a result of Defendant's counterfeiting, Plaintiffs were damaged and seek an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT IX**
**THEFT UNDER IND. CODE § 35-43-4-2**

105. Plaintiffs incorporate herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

106. Defendant knowingly or intentionally exerted unauthorized control over the Plaintiffs' IP with intent to deprive Plaintiffs of a part of its value and use by making unauthorized use of the Plaintiffs' IP in the advertisement and sale of certain products.

107.　　Defendant knowingly or intentionally exerted unauthorized control over Plaintiffs' intangible property, namely the Plaintiffs' IP and Plaintiffs' goodwill associated with the Plaintiffs' IP.

108.　　Plaintiffs' goodwill is valuable property.

109.　　Plaintiffs' IP, including all federal and state registered trademarks and common law trademarks for Plaintiffs' firearm designations, trade names and logos, be it tangible or intangible, is valuable property.

110.　　Plaintiffs' IP, including all federal and state registered trade dress and common law trade dress for the distinctive design shapes Plaintiffs' firearms, be it tangible or intangible, is valuable property.

111.　　As the owner of the Plaintiffs' IP and Plaintiffs' goodwill, Plaintiffs alone have the right to control and authorize the use of the Plaintiffs' IP and Plaintiffs' goodwill.

112.　　Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Plaintiffs' property through the advertisement and sale of products that make unauthorized use of Plaintiffs' IP.

113.　　Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Plaintiffs' property for Defendant's own use and benefit and in exclusion and defiance of Plaintiffs' rights in Plaintiffs' property interests.

114.     Defendant sold items bearing the Plaintiffs' IP without Plaintiffs' consent and in a manner or to an extent other than that to which Plaintiffs had consented.

115.     Defendant misappropriated the Plaintiffs' IP and Plaintiffs' goodwill for their own use and benefit and interfered with Plaintiffs' control over the Plaintiffs' IP and Plaintiffs' goodwill.

116.     As a result of Defendant's theft, Plaintiffs were damaged and seek an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT X**
**STATE TRADEMARK INFRINGEMENT UNDER IND. CODE § 24-2-1-13**

117.     Plaintiffs incorporate herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

118.     Defendant has used, without the consent of Plaintiffs, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs registered trademarks.

119.     Defendant's use of the Plaintiffs' trademarks in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

120.     Defendant has reproduced, counterfeited, copied or colorably imitated the

Plaintiffs' trademarks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Indiana of such goods.

121.    Defendant's use of the Plaintiffs' trademarks creates the likelihood of confusion, mistake and/or deception among consumers.

122.    Defendant willfully infringed upon the trademark rights of Plaintiffs. Defendant intended to confuse, mistake or deceive consumers.

123.    Defendant used the reproductions of the Plaintiffs' trademarks with knowledge that the marks were copies and/or counterfeits.

124.    Consumers were initially interested and lured to the infringing items by the similarity to the Plaintiffs' marks.

125.    As a result of Defendant's infringement, Plaintiffs have suffered irreparable harm to valuable Plaintiffs' trademarks.   Unless Defendant is permanently enjoined from further infringement, Plaintiffs will continue to suffer irreparable harm.

126.    A permanent injunction is necessary to prevent Defendant from further interference with Plaintiffs' trademark rights.

127.    As a result of Defendant's infringement under Ind. Code § 24-2-1-13, Plaintiffs have been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages,

treble damages, statutory damages, costs of suit and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against the Defendant as follows:

a.      That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, and each and all of them, be permanently enjoined from:

(i)      Imitating, copying, reproducing, or using, in any manner, the Plaintiffs' IP, or any other mark confusingly similar to the Plaintiffs' IP;

(ii)     Committing any act that dilutes or is likely to dilute the distinctiveness of the Plaintiffs' IP;

(iii)    Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with Plaintiffs;

(iv)    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any of the Plaintiffs' IP; and

(v)     instructing, assisting, aiding, or abetting any other person or

business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b.   That Defendant be required to:

(i)   Deliver to Plaintiffs for destruction all goods and materials bearing the Plaintiffs' IP which Defendant has in its possession;

(ii)   Recall and deliver to Plaintiffs for destruction all goods and materials bearing the Plaintiffs' IP that have been previously distributed or sold;

(iii)   Pay compensatory damages to Plaintiffs in an amount to be determined at trial for the injuries Plaintiffs have sustained as a consequence of the acts complained of;

(iv)   Pay Plaintiffs treble damages, or alternatively, Defendant's profits trebled, whichever is greater;

(v)   Pay all of Plaintiffs' litigation expenses, including reasonable attorneys' fees and costs of this action;

(vi)   Pay interest to Plaintiffs, including pre-judgment interest on the foregoing sums; and

(vii)   File with this Court and serve on Plaintiffs an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c.      That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby respectfully request a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/JONATHAN HANGARTNER,
Cal. Bar No. 196268
5670 La Jolla Blvd,
La Jolla, California 92037
Telephone:  858-454-4313
Facsimile:   858-454-4314
Email:  jon@x-patents.com